923 F.2d 854
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Douglas E. BILLINGS, Petitioner,
v.
Elizabeth DOLE, Secretary of Labor, Respondent-Appellee,
Tennessee Valley Authority, Respondent-Appellee.
 No. 90-3633.
 United States Court of Appeals, Sixth Circuit.
 Jan. 25, 1991.
 
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Douglas E. Billings, a pro se petitioner, appeals the Secretary of Labor's order dismissing his complaint filed under the employee protection provision of the Energy Reorganization Act of 1974, 42 U.S.C. Sec. 5851. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking assistance from the Department of Labor (DOL) in retaining his employment with the Tennessee Valley Authority (TVA), Billings mailed a complaint to the DOL's Wage and Hour Division on June 21, 1986. Billings alleged that personnel actions taken against him for unapproved absences were in retaliation for his November 1984 refusal to document that a particular tool was issued for work performed on a critical system at the TVA's Watts Bar Nuclear Plant, where he worked as a materials clerk.
 
 
 3
 On July 29, 1986, the DOL notified Billings that it would not investigate the allegations of his complaint because the complaint was filed outside of the 30-day time limit imposed by Sec. 5851(b)(1).
 
 
 4
 Billings requested a timely hearing before an administrative law judge (ALJ), but the hearing was continued due to the fact that Billings was not notified of the time and place of the hearing. Upon TVA's motion to dismiss and pursuant to 29 C.F.R. Sec. 18.40(d), the ALJ subsequently determined that a hearing was unnecessary and summarily dismissed Billing's complaint due to its untimely filing. The ALJ denied Billings's motion to reconsider and the Secretary affirmed in a Final Decision and Order of Dismissal issued June 28, 1990.
 
 
 5
 On appeal, Billings argues that he was denied due process because the DOL did not allow him the opportunity to state his case at a hearing. He moves for the appointment of counsel and for leave to proceed without prepayment of fees.
 
 
 6
 We shall affirm the Secretary's decision and order because it is supported by substantial evidence and is in accordance with law. See 42 U.S.C. Sec. 5851(c)(1); 5 U.S.C. Sec. 706; Thompson v. United States Dep't of Labor, 885 F.2d 551, 555 (9th Cir.1989). The record shows that Billings's complaint was time-barred and he has presented insufficient grounds for equitable tolling.
 
 
 7
 Further, Billings was not denied due process. The ALJ was acting in accordance with the regulations governing proceedings in the Office of Administrative Law Judges when he granted summary decision for TVA. See 29 C.F.R. Sec. 18.40(d).
 
 
 8
 Accordingly, the motion to proceed without prepayment of fees is granted for the limited purpose of permitting review in this case. However, the request for the appointment of counsel is denied, and the Secretary's final decision and order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.